<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN LYNTON LEWIS, | Civil Action No. 22-05625 (SDW) (LDW) |
| Plaintiff, | **WHEREAS OPINION** |
| v. | |
| STATE OF NEW JERSEY, DEPARTMENT OF HUMAN RESOURCES, DIVISION OF FAMILY SERVICES, OFFICE OF CHILD SUPPORT, | September 28, 2022 |
| Defendants. | |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Steven Lynton Lewis' ("Plaintiff") filing of a Complaint, (D.E. 1), and an Application to Proceed in District Court Without Prepaying Fees or Costs, (D.E. 1-2 ("IFP application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** IFP applications are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action; and

**WHEREAS** Plaintiff's application to proceed without prepayment of fees and costs indicates that he is self-employed as the primary caregiver of his family with a monthly income of $600.00. (D.E. 1-2 at 1.) Plaintiff has $810.00 in monthly expenses. (D.E. 1-2 at 4–5.) This Court will therefore allow Plaintiff to proceed *in forma pauperis*; and

1

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Furthermore, *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quotation and citation omitted); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Under Fed. R. Civ. P. 8(a)(2), an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; and

**WHEREAS** Plaintiff's complaint does not comply with Rule 8. The Complaint, which lists the State of New Jersey, Department of Human Resources, Division of Family Services, and Office of Child Support as Defendants, is illegible and difficult to follow, and comes nowhere near the "short and plain statement" requirement of Rule 8. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (finding district court did not abuse its discretion when dismissing complaint which was "unnecessarily complex and verbose," featuring more than "600 paragraphs and 240 pages"); *McDaniel v. N.J. State Parole Bd.*, Civ. No. 08-0978, 2008 WL 824283, at *2 (D.N.J. Mar. 26, 2008) (dismissing, without prejudice, a "rambling and sometimes illegible" 17-page, single-spaced complaint as not in compliance with Rule 8); *Smith v. Dir.'s Choice, LLP*, Civ. No. 15-81, 2016 WL 7165739, at *2-3 (D.N.J. July 28, 2016) (dismissing complaint for failing to meet the requirements of Rule 8 and collecting cases). The Complaint fails to identify what statute or claim is being pursued, as well as fails to set forth any factual allegations. (*See generally* D.E. 1); and

**WHEREAS** Plaintiff appears to bring claims against the State of New Jersey, Department of Human Resources, Division of Family Services, and Office of Child Support. (*See generally* D.E. 1.) Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Villarreal v. New Jersey*, 803 F. App'x 583, 587 (3d Cir. 2020) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). "Eleventh Amendment immunity protects not only states but also state agencies and departments that are so intertwined with them as to render them arms of the state." *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018) (quoting *Bowers v. NCAA*, 475 F.3d 524, 545 (3d Cir. 2007) (internal quotations omitted). To the extent Plaintiff brings certain claims against the State of New Jersey, as well as its state agencies and departments, Plaintiff's claims fail. (*Id.*)

Accordingly, Plaintiff's IFP application is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff shall have thirty (30) days to file an Amended Complaint clearly delineating the claims he is pursuing. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Leda D. Wettre, U.S.M.J.